**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20836
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KURT STEVEN WITTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-92-CR-207-1)

_____

August 9, 1996

Before JONES, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant Kurt Steven Witte argues that his sentence should be reversed because he was not allowed to exercise his right of allocution at sentencing. Defense counsel did not raise this issue before the district court. Thus, we review this issue only for plain error. Based on our review of the record, we hold that the district court did not commit plain error with regard to Witte's

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

right of allocution at sentencing. *See generally United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); *United States v. Calverley*, 37 F.3d 160 (1994) (*en banc*).

Witte next argues that his sentence should be reversed because the district court failed to recognize that he had the authority to depart downwards from the applicable sentencing guidelines range. *See Witte v. United States*, ___ U.S. ___, 115 S. Ct. 2199, 132 L. Ed. 2d 351 (1995). Based on our review of the record, we find that the district court did recognize that he had the authority to depart, and exercised his discretion not to depart. Consequently, we hold that the district court did not err by refusing to depart downwards.

We AFFIRM.